**This order is SIGNED.**

**Dated: August 24, 2021**

_____
**JOEL T. MARKER
U.S. Bankruptcy Judge**



*Prepared by:*

George Hofmann (10005)
Jeffrey Trousdale (14814)
**Cohne Kinghorn, P.C.**
111 E. Broadway, 11th Floor
Salt Lake City, Utah 84111
Telephone: 801-363-4300
Email: jtrousdale@ck.law

Attorneys for Debtor-in-Possession
Triple J Parking, Inc. d/b/a Park n' Jet

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>TRIPLE J PARKING, INC. d/b/a Park n' Jet,<br><br>Debtor. | Bankruptcy No. 21-20800 (JTM)<br><br>Chapter 11<br><br>(Subchapter V) |

### FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
### OF DEBTOR'S PLAN OF REORGANIZATION

This matter came before the Court on August 24, 2021 at 2:00 p.m. (the "Confirmation Hearing") to consider confirmation of the *Plan of Reorganization dated July 30, 2021* [Docket No. 93] (as it may be modified pursuant to the Confirmation Order, the "Plan"), filed by Triple J Parking, Inc. d/b/a Park n' Jet, debtor and debtor-in-possession (the "Debtor") in the above-captioned bankruptcy case (the "Case") under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). George Hofmann and Jeffrey Trousdale appeared on behalf of the Debtor.

{00571588.DOCX /}

Other counsel and parties-in-interest noted their appearances on the record at the Confirmation Hearing.

Based upon the evidence received at the Confirmation Hearing, the Plan, the *Ballot Tabulation Register* [Docket No. 100], the *Declaration of Elizabeth Dalton Woods in Support of Confirmation of Debtor's Plan under Subchapter V of Chapter 11* [Docket No. 101], other papers filed concerning the Plan, the absence of any objections to confirmation of the Plan, the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A.   Exclusive Jurisdiction; Venue; Core Proceeding.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.   Judicial Notice.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  See Fed. R. Bankr. Pro. 7052.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings provided in the Plan.

{00571588.DOCX /}                              2

C.      <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims and Interests in accordance with the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court.  The Plan, notice of the Plan and applicable deadlines, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules and the orders of this Court upon Creditors and holders of Equity Interests entitled to vote on the Plan, and such transmittal and service were, and are, adequate and sufficient.  No other or further notice of the Plan or the Confirmation Hearing is or shall be required.

D.      <u>Solicitation</u>.  Pursuant to Bankruptcy Code § 1181(b),[3] Bankruptcy Code § 1125 does not apply in this Subchapter V Case.  As evidenced by the docket in this Case, including the Plan, the Notice(s), the Certificate(s) of Service and the Ballot Tabulation Summary, the Plan was disseminated to all creditors and interest holders entitled to vote together with appropriate ballots.  Further, the Plan and Notice(s) were transmitted and served on all parties entitled to copies of thereof (including all creditors on the mailing matrix and all persons entitled to vote on the Plan) in substantial compliance with the Bankruptcy Code, Bankruptcy Rules and relevant orders of the Court.  All procedures used to distribute solicitation materials for the Plan and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other rules, laws, and regulations.  Accordingly, the Debtor's solicitation of acceptance of the Plan complied with the applicable provisions of the Bankruptcy Code and the orders of this Court, including §§ 1126, 1189 and 1190, Bankruptcy Rules 3016 and 3018, all other

---

[3]     Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

{00571588.DOCX /}                                     3

applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations. Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" in soliciting votes on the Plan.

E. <u>Distribution</u>. All procedures used to distribute the solicitation materials to the applicable holders of Claims and Interest, and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the orders and local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F. <u>Creditors' Acceptance of Plan</u>. The Plan establishes two Classes of Claims and one Class of Interests. Class 1 Claims and Class 3 Equity Interests are unimpaired by the Plan, and are deemed to accept the Plan. All impaired Classes of Claims—*i.e.* Class 2— have accepted the Plan. No Class of Claims or Interests has rejected the Plan. No holder of Claims in any Class have objected to the Plan. As such, all Classes of Claims and Interests are deemed to have accepted the Plan.[4] In summary, all Classes of Claims and Interests either have accepted by affirmative vote, or are deemed to have accepted the Plan.

G. <u>Subchapter V of Chapter 11 of the Bankruptcy Code Applies</u>. Pursuant to § 103(i), the Debtor (a) is a "debtor" as defined in § 1182, and (b) elected that subchapter V of chapter 11 shall apply to this Case.

i. The Debtor is a person engaged in commercial or business activities that has aggregate noncontingent liquidated secured and unsecured debts as of the Petition Date in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the Debtor.

---

[4] See, e.g., <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988); <u>In re John Kuhni Sons, Inc.</u>, 10-29038 RKM, 2011 WL 1343206 at *4 (Bankr. D. Utah Mar. 30, 2011); <u>In re Jones</u>, 530, F.3d 1284, 1291 (10th Cir. 2008); <u>In re Armstrong</u>, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

{00571588.DOCX /}        4

ii. The Debtor is not a person whose primary activity is the business of owning single asset real estate.

iii. The Debtor is not a member of a group of affiliated debtors that has aggregate noncontingent liquidated secured and unsecured debts in an amount greater than $7,500,000 (excluding debt owed to 1 or more affiliates or insiders).

iv. The Debtor is not a corporation subject to the reporting requirements under section 13 or 15(d) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78m or 78o(d)).

v. The Debtor is not an affiliate of an issuer as defined in section 3 of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78c).

H. <u>Plan Complies with Bankruptcy Code – § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code. Without limitation –

i. <u>Proper Classification</u>. As required by § 1123(a)(1), Article III of the Plan properly designates Classes of Claims, and classifies only substantially similar Claims in the same classes pursuant to § 1122.

ii. <u>Specify Unimpaired Classes</u>. There is one unimpaired Class of Claims and one unimpaired Class of Equity Interests under the Plan, which are specified in Article IV of the Plan.

iii. <u>Specify Treatment of Impaired Classes</u>. Class 2 is designated as impaired under the Plan. Article IV of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

iv. <u>No Discrimination</u>. The Plan provides for the same treatment for each Claim or Interest in each respective Class, unless the holder(s) of a particular Claim(s) has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

  v.  <u>Implementation of Plan</u>.  The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5).  Among other things, Articles V and VI of the Plan provide for (a) the vesting of the property of the Debtor and its chapter 11 bankruptcy Estate in the Reorganized Debtor, (b) the Reorganized Debtor's use and retention of property, and (c) distributions to creditors.

  vi.  <u>Corporate Charter Provision Inapplicable</u>.  Section 1123(a)(6) is satisfied in that the Plan does not provide for the issuance of nonvoting equity securities.  Without limitation, the Plan specifies that (a) the Reorganized Debtor will remain under its current corporate structure, and, (b) does not provide for the issuance of any non-voting "securities" of a corporation.

  vii.  <u>Selection of Manager(s)</u>.  Article 5.1(a) of the Plan designates and discloses Elizabeth Dalton Woods as President, John Kimball as Vice President, and Julia Rasmussen as Vice President of the Reorganized Debtor.  There are no provisions in the Plan regarding the manner of selection of the Reorganized Debtor's directors and officers, or such provisions are consistent with the interests of creditors and with public policy.  Thus, § 1123(a)(7) is satisfied.

  viii.  <u>Additional Plan Provisions</u>.  The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions regarding (a) the assumption and/or rejection of executory contracts and unexpired leases, (b) the retention and enforcement by the Debtor of claims under chapter 5 of the Bankruptcy Code and under applicable non-bankruptcy law, and (c) modification of the rights of holders of secured claims. The Plan appropriately classifies the TPS Cure Claim as an Allowed Administrative Expense Claim, to be paid in full through the Debtor's Quarterly Plan Payments,

and in any event, no later than one year following the Effective Date. Thus, § 1123(b) is satisfied.

  ix. <u>Bankruptcy Rule 3016(a)</u>. The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

  x. <u>Filing of the Plan – § 1189</u>. The Plan was filed by the Debtor. The Debtor filed its first version of the Plan on March 8, 2021, which was not later than 90 days after the order for relief, i.e., within 90 days after the Petition Date. Accordingly, the requirements of § 1189 are satisfied.

  xi. <u>Contents of Plan – § 1190(1)</u>. The Plan includes (A) a brief history of the business operations of the Debtor, (B) a liquidation analysis, and (C) projections with respect to the ability of the Debtor to make payments under the Plan. Thus, the requirements of § 1190(1) are satisfied.

  xii. <u>Contents of Plan – § 1190(2)</u>. The Plan dedicates all future earnings and income of the Debtor to be used for distributions under the Plan, to be distributed by the Debtor (if confirmed under § 1191(a)) or the Trustee (if confirmed under § 1191(b)). Because the Plan is being confirmed under § 1191(a), and not pursuant to § 1191(b), the Court finds and concludes that §§ 1194(a) and 1194(b) do not apply. Accordingly, the Reorganized Debtor shall be responsible for making distributions as called for under the Plan. Thus, the requirements of § 1190(2) are satisfied.

  xiii. <u>Contents of Plan – § 1190(3)</u>. § 1190(3) does not apply.

 I. <u>The Confirmed Plan and the Proponent Comply with the Bankruptcy Code</u>. The Confirmed Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied. Among other things:

  i. the Debtor is the proper proponent of the Plan under § 1189(a);

{00571588.DOCX /}    7

   ii. the Confirmed Plan complies, and Debtor has complied, generally with applicable provisions of the Bankruptcy Code; and

   iii. the Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and orders of the Bankruptcy Court in transmitting the Plan, ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

 J. <u>Good Faith</u>.  The Debtor filed the Bankruptcy Case in good faith and for a valid bankruptcy purpose.  Additionally, the Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3).  Among other things:

   i. the Debtor filed this chapter 11 Case, and the Debtor has proposed the Plan for a valid bankruptcy purpose;

   ii. neither this Case nor the Plan was filed as a litigation tactic or for delay;

   iii. the Debtor has been, and is, actively prosecuting this Case;

   iv. the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, curing amounts owed under the Debtor's lease of real property, reorganizing the Debtor's financial affairs, and providing a meaningful return to creditors;

   v. the Plan is the fruit of arms-length negotiations with creditors and the Debtor's landlord, and includes input from the Trustee appointed under § 1183;

   vi. the Plan contemplates that the Debtor will use earnings from its business operations to make distributions to the holders of Allowed Claims; and

       vii.    the Plan contemplates that the claims of creditors will be satisfied by cash distributions to the holders of Allowed Claims, to be paid directly by the Debtor.

K.    <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Confirmed Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

L.    <u>Manager(s) of the Reorganized Debtor</u>.  The Plan and other filings of record identify the Reorganized Debtor's officers and management.  The proposed service of the Debtor's officers and managers is consistent with the interests of the holders of Claims and with public policy.  Therefore, the Debtor has complied with § 1129(a)(5).

M.    <u>No Rate Changes</u>.  The Confirmed Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

N.    <u>Best Interests of Creditors Test</u>.  The Plan was accepted by all Classes of Claims and Interests.  Further and in any event, the Plan provides that each holder of a Claim will receive or retain under the Plan on account of its Claim property of a value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Case were converted to chapter 7, and the Estate were liquidated by a chapter 7 trustee.

O.    <u>Acceptance by Certain Classes</u>.  All Classes of Claims and Interests have accepted the Confirmed Plan, as noted above, thereby satisfying § 1129(a)(8). No Class of Claims or Interests has rejected the Plan.

P. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Confirmed Plan satisfies the requirements of §§ 1129(a)(9) and 1191(e). Except to the extent the holder of a particular Claim agrees to a different treatment, the Confirmed Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by §§ 1129(a)(9) and 1191(e) (except to the extent that a holder agrees otherwise). The Plan further specifies that the TPS Cure Claim shall be paid in full, as an Allowed Administrative Expense Claim over Quarterly Plan Payments per Exhibit A, no later than one year after the Effective Date of the Plan.

Q. <u>Acceptance by at Least One Impaired Class</u>. All impaired Classes have accepted the Plan, as shown by the Ballot Tabulation Register and other stipulations and filings of record. The acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any insiders, thus satisfying § 1129(a)(10).

R. <u>Feasibility</u>. The Confirmed Plan is feasible and complies with § 1129(a)(11). The Plan does contemplates that the Debtor will continue in business, and that the Debtor' "Disposable Income" will distributed to the holders of Allowed Claims. The Plan's projections are reasonable and based on the Debtor's history of operations. Accordingly, confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor.

S. <u>Payment of Fees</u>. Because this is a case under subchapter V of chapter 11, no fees are payable under 28 U.S.C. § 1930. Thus, § 1129(a)(12) is satisfied.

T. <u>Continuation of Retiree Benefits</u>. The Confirmed Plan complies with § 1129(a)(13). The Debtor is not obligated to pay any retiree benefits subject to § 1114.

U. <u>No Domestic Support Obligations</u>. The Debtor does not have any domestic support obligations. Therefore, § 1129(a)(14) is not applicable.

V.   § 1129(a)(15) Is Not Applicable.  Pursuant to section 1181(a) of the Bankruptcy Code, § 1129(a)(15) does not apply to this Case because it was filed under subchapter V of title 11 of the Bankruptcy Code – a Small Business Debtor Reorganization governed by sections 1181 through 1195 of the Bankruptcy Code (a "SBRA Case").

W.   Transfers Will Comply with Nonbankruptcy Law.  The Confirmed Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Confirmed Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

X.   §§ 1129(b), (c) and (e) Are Not Applicable.  Pursuant to section 1181(a) of the Bankruptcy Code, §§ 1129(b), (c) and (e) do not apply to a SBRA Case.

Y.   Confirmation Pursuant to § 1191(a).  All Classes of Claims and Interest have accepted (or are deemed to accept) the Plan.  Further, as described above, all of the requirements of § 1129(a), other than paragraph (15) of that section, are met.  Accordingly, the Court is confirming the Plan pursuant to § 1191(a).

Z.   Fair and Equitable; No Unfair Discrimination – § 1191(b).  Confirmation pursuant to the "cram down" exception under § 1191(b) is not necessary.  To the extent 1191(b) applies, however, the Plan is fair and equitable and does not discriminate unfairly as to any Class of Claims or Interests, except as otherwise stipulated or agreed upon by the particular holder.

AA.   No Other Plan.  Although § 1129(c) does not apply to this SBRA Case, § 1129(c) nonetheless is satisfied.  No other chapter 11 plan is pending or has been confirmed in this Case.

BB.   Principal Purpose of Confirmed Plan.  The principal purpose of the Confirmed Plan is not the avoidance of taxes or the avoidance of the application of

section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Confirmed Plan satisfies the requirements of § 1129(d).

CC. The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

DD. In summary, the Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Plan will be confirmed by entry of the separate Confirmation Order.

-------------------------------------- END OF DOCUMENT --------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S PLAN UNDER SUBCHAPTER V OF CHAPTER 11** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- Troy J. Aramburu    taramburu@swlaw.com, jritchie@swlaw.com, docket_slc@swlaw.com, awayne@swlaw.com
- Lianna M. Bash    lianna.bash@us.dlapiper.com, lianna-bash-6523@ecf.pacerpro.com, paige.plassmeyer@us.dlapiper.com
- George B. Hofmann    ghofmann@ck.law, mparks@ck.law; tkosec@ck.law
- Penrod W. Keith    penrod.keith@dentons.com, kristin.hughes@dentons.com
- P. Matthew Muir    mmuir@joneswaldo.com, jgatherum@joneswaldo.com
- D. Ray Strong tr    rstrong@thinkbrg.com, UT30@ecfcbis.com; drstrong@ecf.axosfs.com
- Jeffrey L. Trousdale    jtrousdale@cohnekinghorn.com, mparks@ck.law; tkosec@ck.law
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Melinda Willden tr    melinda.willden@usdoj.gov, Lindsey.Huston@usdoj.gov; James.Gee@usdoj.gov; Rinehart.Peshell@usdoj.gov; Rachelle.D.Armstrong@usdoj.gov; Brittany.Eichorn@usdoj.gov

**By U.S. Mail**: In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

- ☐ None
- ☐ If there are additional parties list the names and addresses of the additional parties.
- ☒ All parties on the Court's official case matrix.

/s/ Jeffrey Trousdale

{00571588.DOCX /}